Taliaferro, J.
An application was made on the part Of the relators to the judge of the Superior District Court for a writ of mandamus directed to the defendant, the Secretary of State, commanding him to promulgate as a law of the State by publishing in the official journal of the State an act which the relators allege was passed by the Legis- *72 Iature of the State at the session which commenced on the first Monday of January, 1871, the act being entitled “ an act to incorporate the Crescent City Water Works, etc.” Upon a rule to show cause, the defendant, through the Attorney General answered, that there is not in the office of the Secretary of State any act incorporating “ The Company of the Crescent City Water Works” as set forth in the petition of the relators, and that there has not been since he came into office as Secretary of State. The rule was dismissed and the relators have appealed.
We find from the evidence in the record that a bill passed both houses of the Legislature at its session beginning first Monday of January, 1871, bearing the title set forth by the relators, that it was duly enrolled and presented to the Governor; that it failed to receive his approval; that afterwards, duringthe month of April, after the adjournment of the Legislature, at the solicitation of parties interested, the Speaker of the House of Representatives and the Lieutenant Governor*' caused to be made a duplicate enrolled bill from the engrossed bill in the hands of the clerk of the House of Representatives; that this duplicate copy was signed by them and certified to be a law by the Secretary of State in the usual manner when bills are not returned by the Governor to the Secretary of State within the time prescribed by the Constitution; that a certified copy of this duplicate enrolled bill was sent to the State printer for publication, which he refused to publish. The duplicate enrolled bill, it seems, is notnow to be found in the office of the Secretary of State. At the next session of the Legislature the Governor transmitted to the House of Representatives a message on the twenty-third of January, 1872, vetoing the bill, but the bill itself was. not returned with the message and it has not yet been found, so that both the original enrolled bill and the duplicate of it made from the engrossed bill are lost. A clerk who was engaged in the office of the Secretary of State in 1871 and 1872, who was introduced as a witness, recognized the copy now extant of the duplicate enrolled bill as the same copy which he made from that duplicate about the twenty-fourth or twenty-fifth of August, 1871, to be sent to the State printer. He testifies that, after the bill was handed to the Secretary of State, the private secretary of the Lieutenant Governor came in and requested the name of Oscar J. Dunn, Lieutenant Governor, to be erased from the bill, as the Lieutenant Governor did not care to have his name in the bill. The private secretary, making this request, claimed to be acting under directions of Governor Dunn. The witness states that the name was erased a day or two after he made the copy. The original bill presented to the Governor could not have become a part of the records of the office of the- Secretary of State except it had passed through the *73 hands of the Clerk of the House of Representatives with his certificate that the bill had passed over the Governor’s veto.'
No such record is found in the Secretary’s office or elsewhere. The original bill duly certified by the Clerk of the House of Representatives and of record in the Secretary of State’s office would constitute the best evidence that the act of the Legislature in question had become a law. As it is, its authenticity and condition to become a law is a matter of grave doubt.
But courts have no power to promulgate laws and none of course to render orders to others to promulgate them. If violation or remissness of official duty has occurred among those by the constitution authorized to enact and promulgate laws, the corrective is to be sought within the powers of the legislative and executive departments, not within those of the judicial.
The order of the lower court refusing the mandamus was properly rendered.
Judgment affirmed.
Rehearing refused.